UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MARK J. VARACCHI and )<br>SENTINEL GROWTH FUND )<br>    MANAGEMENT, LLC, )<br>)<br>Defendants, )<br>and )<br>)<br>RADAR ALTERNATIVE FUND LP and )<br>RADAR ALTERNATIVE MASTER FUND SPC, )<br>)<br>Relief Defendants. ) | Civil Action No. 3:17-cv-00155-VAB |

**<u>ORDER APPOINTING RECEIVER</u>**

Plaintiff, U.S. Securities and Exchange Commission ("SEC" or "Commission"), has moved for this Court to appoint a receiver (the "Motion"). Defendants, Mark J. Varacchi ("Varacchi") and Sentinel Growth Fund Management, LLC ("Sentinel"), and Relief Defendants, Radar Alternative Fund LP and Radar Alternative Master Fund SPC ("Radar Funds" or "Relief Defendants"), have assented to the Motion.

Based on the record in these proceedings, the Court finds that the appointment of a receiver in this action is necessary and appropriate (i) to assess the optimal treatment of assets held by the Radar Funds for the eventual return of assets to investors or creditors, including those investors who may have been harmed by the misconduct alleged in the

1

Complaint, and to prevent waste and dissipation of the Radar Funds' assets to the detriment of investors, and, where necessary, to operate the Radar Funds, and to manage, maintain, and/or wind-down business operations of the Radar Funds, pending further order of the Court; (ii) to determine the value of investments in companies (the "Companies") that were made in the name of Sentinel or Varacchi with funds from Sentinel or the Radar Funds (the "Private Investments"), to marshal those investments, and to ultimately liquidate the investments; and (iii) to institute such actions and legal proceedings as the receiver deems necessary and appropriate to recover funds transferred from Sentinel or the Radar Funds after obtaining leave of the Court.

This Court has subject matter jurisdiction over this action and personal jurisdiction over Defendants and Relief Defendants, and venue properly lies in this district.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. This Court hereby takes exclusive jurisdiction and possession of all property of whatever kind of Sentinel and the Relief Defendants ("Receivership Defendants"), including the Radar Funds' remaining assets, the Private Investments, and any additional assets of the Receivership Defendants that may be recovered ("Receivership Assets" or "Receivership Estate"); provided, however, that criminal law enforcement authorities may retain any control or access they may lawfully possess with respect to Sentinel's office space, books and records, and equipment, and may continue to control or access such Sentinel assets by agreement with the Receiver.

2. Until further Order of this Court, Jed Horwitt, Esq. is appointed to serve without bond as the receiver (the "Receiver") to assume control of, marshal, pursue, and preserve

the Receivership Assets with the objective of maximizing the recovery of assets, and, to the extent that assets recovered are inadequate to make defrauded investors whole, ensuring that the distribution of those assets is as just and equitable as practicable.

## I. General Powers and Duties of Receiver

3. Except as limited below, the Receiver shall have all powers and authority of a receiver at equity, and all powers conferred upon a receiver by the provisions of 28 U.S.C. §§ 754, 959 and 1692, and Fed. R. Civ. P. 66.

4. No person holding or claiming any position of any sort with any of the Receivership Defendants shall possess any authority to act by or on behalf of any of the Receivership Assets, except to the extent as may hereafter be expressly granted by the Receiver. The Receiver shall assume control of all Receivership Assets.

5. Subject to the specific provisions in Sections II through XI, below, the Receiver shall have the following general powers and duties:

   A. To take custody, control, and possession of all Receivership Assets and relevant records from the Receivership Defendants, pending further Order of this Court;

   B. To engage and employ persons in his discretion to assist him in carrying out his duties and responsibilities hereunder, including, but not limited to, accountants, attorneys, securities traders, registered representatives, financial or business advisers, liquidating agents, real estate agents, forensic experts, brokers, traders or auctioneers;

   C. To take such action as necessary and appropriate for the preservation of Receivership Assets or to prevent the dissipation or concealment of Receivership Assets;

   D. To issue subpoenas to compel testimony of persons or production of records, consistent with the Federal Rules of Civil Procedure and applicable Local Rules, except for the provisions of Fed. R. Civ. P. 26(d)(1);

   E. To bring such legal actions based on law or equity in any state, federal, or

            foreign court as the Receiver deems necessary or appropriate in discharging his duties as Receiver;

    F.    To pursue, resist and defend all suits, actions, claims and demands which may now be pending or which may be brought by or asserted concerning the Receivership Assets; and

    G.    To take such other action as may be approved by this Court.

## II. Access to Books, Records and Accounts

6.    The Receiver is authorized to take immediate possession of bank accounts, brokerage accounts, or other financial accounts relating to the Receivership Assets.

7.    All banks, brokerage firms, financial institutions, and other persons or entities which have possession, custody or control of the Receivership Assets that receive actual notice of this Order by personal service, facsimile transmission or otherwise shall:

    A.    Not liquidate, transfer, sell, convey or otherwise transfer any assets, securities, funds, or accounts in the name of or for the benefit of the Receivership Defendants except upon instructions from the Receiver;

    B.    Not exercise any form of set-off, alleged set-off, lien, or any form of self-help whatsoever, or refuse to transfer any funds or assets to the Receiver's control without the permission of this Court; and

    C.    Cooperate expeditiously in providing information and transferring funds, assets and accounts to the Receiver or at the direction of the Receiver.

## III. Notice to Third Parties

8.    The Receiver shall promptly give notice of his appointment to Defendants, Relief Defendants, the Companies, and to any bank, brokerage firm, or other financial institution that may hold assets of the Receivership Defendants.

9.    All persons and entities owing any obligation, debt, or distribution with respect to an ownership interest to any Receivership Defendant, or to Varacchi with respect to the Private Investments, shall, until further ordered by this Court, pay all such obligations in accordance

with the terms thereof to the Receiver and his receipt of such payments shall have the same force and effect as if the Receivership Defendant or Varacchi had received such payment.

## IV. Injunction Against Interference with Receiver

10. The Receivership Defendants and all persons receiving notice of this Order by personal service, facsimile or otherwise, are hereby restrained and enjoined from directly or indirectly taking any action or causing any action to be taken, without the express written agreement of the Receiver, which would:

    A. Interfere with the Receiver's efforts to take control, possession, or management of any Receivership Assets; such prohibited actions include but are not limited to, using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any Receivership Assets;

    B. Hinder, obstruct or otherwise interfere with the Receiver in the performance of his duties; such prohibited actions include but are not limited to, concealing, destroying or altering records or information;

    C. Dissipate or otherwise diminish the value of Receivership Assets; such prohibited actions include but are not limited to, releasing claims or disposing, transferring, exchanging, assigning or in any way conveying any Receivership Assets, enforcing judgments, assessments or claims against any Receivership Assets or any Receivership Defendant, attempting to modify, cancel, terminate, call, extinguish, revoke or accelerate (the due date), of any lease, loan, mortgage, indebtedness, security agreement or other agreement executed by any Receivership Defendant or which otherwise affects the Receivership Assets; or,

    D. Interfere with or harass the Receiver, or interfere in any manner with the exclusive jurisdiction of this Court over the Receivership Assets.

11. The Receivership Defendants shall cooperate with and assist the Receiver in the performance of his duties.

12. The Receiver shall promptly notify the Court and SEC counsel of any failure or apparent failure of any person or entity to comply in any way with the terms of this Order.

## V. Stay of Litigation

13.     As set forth in detail below, the following proceedings--<u>excluding</u> this proceeding, all criminal actions (including *United States v. Varacchi*, 17-cr-00076-NRB (S.D.N.Y.)), and all police or regulatory actions and actions of the Commission related to the above-captioned enforcement action--are stayed until further Order of this Court:

> All civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving: (a) the Receiver, in his capacity as Receiver; (b) any Receivership Assets, wherever located; (c) any of the Receivership Defendants, including subsidiaries and partnerships; or, (d) any of the Receivership Defendants' past or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise (such proceedings are hereinafter referred to as "Ancillary Proceedings").  The stayed Ancillary Proceedings include the civil proceeding *Fortino v. Varacchi, et al.*, Docket No. FSTCV175016547S, pending in Connecticut Superior Court.

14.     The parties to any and all Ancillary Proceedings are enjoined from commencing or continuing any such legal proceeding, or from taking any action, in connection with any such proceeding, including, but not limited to, the issuance or employment of process.

15.     All Ancillary Proceedings are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court.  Further, as to a cause of action accrued or accruing in favor of one or more of the Receivership Defendants against a third person or party, any applicable statute of limitation is tolled during the period in which this injunction against commencement of legal proceedings is in effect as to that cause of action.

## VI. Managing Assets

16.     The Receiver may, without further Order of this Court, transfer, compromise, liquidate, or otherwise dispose of the Private Investments, in the ordinary course of business, on

terms and in the manner the Receiver deems most beneficial, and with due regard to the realization of the true and proper value of the Private Investments.

17. The Receiver shall establish one or more custodial accounts at a federally insured bank, to hold the proceeds from Receivership Assets, and the account(s) shall be entitled "Receiver's Account, Estate of Sentinel Growth Fund Management, LLC" together with the name of this action. Upon the establishment of such account, the Receiver may seek relief from the Court's February 3, 2017 Order imposing an asset freeze, in order to transfer the Radar Funds' assets to the Receiver's account.

18. The Receiver is authorized to take all actions to manage, maintain, and/or wind-down business operations of Sentinel or the Relief Defendants, including making legally required payments to creditors and agents of the Relief Defendants and communicating with vendors, investors, governmental and regulatory authorities, and others, as appropriate.

## VII.  Investigate and Prosecute Claims

19. Subject to the requirement, in Section V above, that leave of this Court is required to resume or commence certain litigation, the Receiver is authorized, empowered and directed to investigate, prosecute, defend, intervene in or otherwise participate in, compromise, and/or adjust actions in any state, federal or foreign court or proceeding of any kind as may in his discretion, and in consultation with SEC counsel, be advisable or proper to recover and/or conserve Receivership Assets.

20. Subject to the obligation to expend receivership funds in a reasonable and cost-effective manner, the Receiver is authorized, empowered and directed to investigate the manner in which the financial and business affairs of the Receivership Defendants were conducted and, after obtaining leave of this Court, to institute such actions and legal proceedings as the Receiver

deems necessary and appropriate to recover funds transferred from the Receivership Defendants; the Receiver may seek, among other legal and equitable relief, the imposition of constructive trusts, disgorgement of profits, asset turnover, avoidance of fraudulent transfers, rescission and restitution, collection of debts, and such other relief from this Court as may be necessary to enforce this Order.  Where appropriate, the Receiver should provide prior notice to counsel for the Commission before commencing investigations and/or actions.

21. The Receiver shall take all necessary steps to enable proceeds from the Receivership Assets to obtain and maintain the status of a taxable "Settlement Fund," within the meaning of Section 468B of the Internal Revenue Code and of the regulations, when applicable.

22. The Receiver has a continuing duty to ensure that there are no conflicts of interest between the Receiver, his Retained Personnel (as that term is defined below), and the Receivership Estate.

### VIII.  Bankruptcy Filing

23. The Receiver may seek authorization of this Court to file voluntary petitions for relief under Title 11 of the United States Code (the "Bankruptcy Code") for the Receivership Defendants.  If a Receivership Defendant is placed in bankruptcy proceedings, the Receiver may become, and may be empowered to operate each Receivership Defendant as, a debtor in possession.  In such a situation, the Receiver shall have all of the powers and duties as provided a debtor in possession under the Bankruptcy Code to the exclusion of any other person or entity.

### IX.  Liability of Receiver

24. Until further Order of this Court, the Receiver shall not be required to post bond or give an undertaking of any type in connection with his fiduciary obligations in this matter.

25. The Receiver and his agents, acting within scope of such agency ("Retained

Personnel") are entitled to rely on all outstanding rules of law and Orders of this Court and shall not be liable to anyone for their own good faith compliance with any order, rule, law, judgment, or decree.  In no event shall the Receiver or Retained Personnel be liable to anyone for their good faith compliance with their duties and responsibilities as Receiver or Retained Personnel, nor shall the Receiver or Retained Personnel be liable to anyone for any actions taken or omitted by them except upon a finding by this Court that they acted or failed to act as a result of malfeasance, bad faith, gross negligence, or in reckless disregard of their duties.

26. This Court shall retain jurisdiction over any action filed against the Receiver or Retained Personnel based upon acts or omissions committed in their representative capacities.

27. In the event the Receiver decides to resign, the Receiver shall first give written notice to the Commission's counsel of record and the Court of its intention, and the resignation shall not be effective until the Court appoints a successor.  The Receiver shall then follow such instructions as the Court may provide.

## X.  Recommendations and Reports

28. The Receiver must keep the SEC apprised at reasonable intervals of developments concerning the operation of the Receivership, and provide to the SEC, upon request, copies of any documents or tangible things under the control of the Receiver.

29. The Receiver is authorized, empowered and directed to develop a plan for the fair, reasonable, and efficient recovery, liquidation, and distribution of the Receivership Assets (the "Liquidation Plan").

30. Within sixty (60) days of the entry date of this Order, the Receiver shall file a Liquidation Plan, with respect to at least the Radar Funds' remaining assets, in the above-captioned action, with service copies to counsel of record.

31. Within thirty (30) days after the end of each calendar quarter, the Receiver shall file and serve a full report and accounting of the Receivership Assets (the "Quarterly Status Report"), reflecting (to the best of the Receiver's knowledge as of the period covered by the report) the existence, value, and location of all Receivership Assets, and of the extent of liabilities, both those claimed to exist by others and those the Receiver believes to be legal obligations upon the Receivership Assets.

32. The Quarterly Status Report shall contain the following:

   A. A summary of the operations of the Receiver;

   B. The amount of cash on hand, the amount and nature of accrued administrative expenses, and the amount of unencumbered funds in the estate;

   C. A schedule of all the Receiver's receipts and disbursements (attached as Exhibit A to the Quarterly Status Report), with one column for the quarterly period covered and a second column for the entire duration of the receivership;

   D. A description of the status of the Receivership Assets, including approximate or actual valuations, and anticipated or proposed dispositions;

   E. A description of liquidated and unliquidated claims held by the Receivership Assets, including the need for forensic and/or investigatory resources; approximate valuations of claims; and anticipated or proposed methods of enforcing such claims (including likelihood of success in: (i) reducing the claims to judgment; and, (ii) collecting such judgments);

   F. A list of all known creditors with their addresses and the amounts of their claims;

   G. The status of Creditor Claims Proceedings, after such proceedings have been commenced; and,

   H. The Receiver's recommendations for a continuation or discontinuation of the receivership and the reasons for the recommendations.

33.     On the request of the Commission, the Receiver shall provide the Commission with any documentation that the Commission deems necessary to meet its reporting requirements, that is mandated by statute or Congress, or that is otherwise necessary to further the Commission's mission.

### XI.  Fees, Expenses and Accountings

34.     The Receiver need not obtain Court approval before the disbursement of Receivership Assets for expenses in the ordinary course of the administration and operation of the receivership.  Further, prior Court approval is not required for payments of applicable federal, state or local taxes.

35.     The Receiver and Retained Personnel are entitled to reasonable compensation and expense reimbursement from the Receivership Estates as described in the "Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission" (the "Billing Instructions") agreed to by the Receiver.  Such compensation shall require the prior approval of the Court.

36.     Within forty-five (45) days after the end of each calendar quarter, the Receiver and Retained Personnel shall apply to the Court for compensation and expense reimbursement from the Receivership Estates (the "Quarterly Fee Applications").  At least thirty (30) days prior to filing each Quarterly Fee Application with the Court, the Receiver will serve upon counsel for the SEC a complete copy of the proposed Application, together with all exhibits and relevant billing information in a format to be provided by SEC staff.

37.     All Quarterly Fee Applications will be interim and will be subject to cost benefit and final reviews at the close of the receivership.  At the close of the receivership, the Receiver will file a final fee application, describing in detail the costs and benefits associated with all

litigation and other actions pursued by the Receiver during the course of the receivership.

38. Quarterly Fee Applications may be subject to a holdback in the amount of 20% of the amount of fees and expenses for each application filed with the Court. The total amounts held back during the course of the receivership will be paid out at the discretion of the Court as part of the final fee application submitted at the close of the receivership.

39. Each Quarterly Fee Application shall:

    A. Comply with the terms of the Billing Instructions agreed to by the Receiver; and,

    B. Contain representations (in addition to the Certification required by the Billing Instructions) that: (i) the fees and expenses included therein were incurred in the best interests of fair distribution of the Receivership Assets; and, (ii) with the exception of the Billing Instructions, the Receiver has not entered into any agreement, written or oral, express or implied, with any person or entity concerning the amount of compensation paid or to be paid from the Receivership Estate, or any sharing thereof.

40. At the close of the Receivership, the Receiver shall submit a Final Accounting, in a format to be provided by SEC staff, as well as the Receiver's final application for compensation and expense reimbursement.

IT IS SO ORDERED, this 1st day of May, 2017, at Bridgeport, CT.

                                                 /s/ Victor A. Bolden
                                                 VICTOR A. BOLDEN
                                                 UNITED STATES DISTRICT JUDGE